### UNITED STATES of America
### v.
### Francisco Mariano QUIÑONES and Mario Ducret Melendez.
### Crim. No. 169–71.

United States District Court, D. Puerto Rico.

April 18, 1975.

Jorge Ríos Torres, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Gerardo Ortiz del Rivero, Demetrio Fernández, San Juan, P. R., for defendants.

## OPINION AND ORDER

PESQUERA, District Judge.

The defendants in this case stand charged on a two count indictment with having embezzled and converted to their own use certain funds of the welfare fund (fondo de bienestar) of the Hermandad de Empleados de Oficina y Ramas Anexas de Puerto Rico, Inc. They have filed a motion to dismiss the indictment on the ground that this Court lacks jurisdiction over the subject matter. They have previously been informed that their motion has been denied, we now file our opinion expressing the reasons for such denial.

The main thrust of defendants' arguments is launched from the stipulation in which they have entered with the government in preparation for the trial of this case and which reads as follows.

"The Hermandad de Empleados de Oficina y Ramas Anexas de Puerto Rico, Inc. is a labor organization that represents employees of the Metropolitan Bus Authority and the Ports Authority, government instrumentalities or political subdivisions of the Commonwealth of Puerto Rico."

Defendants contend that the welfare fund of the union (Hermandad de Empleados de Oficina y Ramas Anexas de Puerto Rico, Inc.) is not subject to the provisions of the Welfare and Pension Plans Disclosure Act (29 U.S.C. § 301 et seq.) since the Metropolitan Bus Authority and the Ports Authority are not employers engaged in interstate commerce pursuant to the provisions of the

Labor Management Relations Act (29 U.S.C. § 141 et seq.) which expressly exclude from such term any political subdivision of a state; and that such definition, defendants further contend, has been adopted in Sections 3(a)(11) and 4(a) of the Disclosure Act and in fact limits its application to employers engaged in interstate commerce. In other words, the employers of the union members and beneficiaries of the welfare fund are excluded from the definition of "employer" which is an essential ingredient to a finding of interstate commerce which in turn is an essential requirement for the application of the Disclosure Act.

We cannot agree with such limited view of the application of the Disclosure Act. The act has its own definition of an employer. Section 302(a)(4) provides that

"The term 'employer' means *any* person acting directly as an employer or indirectly in the interest of an employer in relation to an employee welfare or pension benefit plan, and includes a group or association of employers acting for an employer in such capacity." (our italics)

True that the provisions of the Disclosure Act are not applicable unless the 'employer' is engaged in an activity affecting commerce, but again the Disclosure Act provides its own definition of such activity. Section 302(a)(11) provides:

"The term 'industry or activity affecting commerce' means any activity, business or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce *and includes* any activity or industry 'affecting commerce' within the meaning of the Labor Management Relations Act, 1947, as amended, or the Railway Labor Act, as amended." (our italics)
Section 302(a)(11).

█ It is readily seen that the reference made to the Labor Management Relations Act of 1947, as amended, is in addition to the activities already defined in the above quoted subsection.

Such definition of larger extent is repeated in Section 303(a) which reads as follows.

"(a) Except as provided in subsection (b) of this section, this chapter shall apply to any employee welfare or pension benefit plan if it is established or maintained by any employer or employers engaged in commerce or in any industry or activity affecting commerce or by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce or by both."

And in fact, Section 303(a), (b)(1) makes the exception of the political subdivision which is also made with respect to an employer in the Labor Management Relations Act. It reads as follows.

"(b) This chapter shall not apply to an employee welfare or pension benefit plan if—

(1) such plan is administered by the Federal Government or by the government of a State, by a political subdivision of a State, or by an agency or instrumentality of any of the foregoing."

We cannot, therefore, accept defendants' contention that employees of a state political subdivision are deprived of the protection of the Disclosure Act, a protection which is needed for the uninterrupted flow of the interstate commerce.

For the above stated reasons, defendants' motion to dismiss is denied.